pKATZ, Judge.
This appeal arises out of an automobile accident that occurred on November 4, 1994, when James Feltus was test driving a vehicle owned by Crescent City Infiniti and was accompanied by a sales representative from Crescent City by the name of Alberta E. Ackers, the plaintiff herein. The accident occurred when the Infiniti automobile driven by Mr. Feltus was rear-ended by a vehicle driven by Donald Co-lomb, Jr., but owned by Richard Borrow.
The plaintiff, Alberta Ackers, filed suit against the following: Richard Borrow, State Farm Insurance Company (the insurer of the Borrow vehicle), Donald Co-lomb, Jr., MIC Property & Casualty Insurance Company ( the UM insurer for Crescent City Infiniti) and Government Employees Insurance Company (GEICO the uninsured motorist carrier for Mr. Fel-tus).
Apparently, the parties reached a partial settlement in the trial court whereby the only remaining issue is which of the two uninsured motorist carriers is liable to the plaintiff for the previously agreed upon sum of money.
|2The trial court entered judgement holding that MIC Property & Casualty Insurance Company is the primary uninsured motorist carrier and should pay the plaintiff the agreed upon sum of money. No reasons for judgement were issued by the trial court and MIC now prosecutes this appeal and GEICO answers.
The basic argument of MIC is that R.S. 22:671 provides that the primary liability coverage for a “loaner” or “demonstrator” vehicle “shall be the policy of the driver, not the policy of the vehicle sales or service dealer who provided the loaner vehicle.”
Under this provision, MIC would be correct if the claim were made under the liability provisions of the policy. However, since the claim is made under the uninsured motorist provisions of the policies, the court must examine the law relative to the ranking of uninsured motorist policies.
The ranking of UM policies is specifically addressed in R.S.22:1406 D(l)(e)(ii)(aa), which provides “the uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary.”
Hence, under the specific ranking provisions of UM policies found in section 1406 of Title 22, the MIC policy is primary.
Therefore, the court is faced with trying to reconcile two contradictory provisions of Title 22, i.e., 671 which designates the primary liability policy as being that of the driver of the loaner vehicle vis-a-vis 1406 D(l) which designates as primary the UM policy on the vehicle in which the plaintiff was injured.
1 ¡¡Fortunately, we are aided in this task by the Supreme Court decision in Horil v. Scheinhorn, 96-0967 (La.11/27/95), 663 *84 So.2d 697, 698-699. In this decision the Supreme Court stated:
“in resolving the issues presented, we are confronted with the detailed provisions of R.S. 40:1299.44(e), along with the more general statements contained in R.S. 40:1299.42(D)(5) and relied upon by the intermediate court. Of course, statutes upon the same subject must be read in reference to each other and language susceptible of different of meanings must be construed in such a manner as to best conform to the purpose of the law. L.C.C. Arts.10,13. In instances of a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character, (citation omitted).”
See also the Supreme Court decision in LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226 which held that: “rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.”
Accordingly, we too conclude as did the trial court that the ranking provisions of the uninsured motorist statute in Title 22:1406 prevail over the general provisions of the insurance code at Title 22 Section 671. Therefore, the trial court was correct in finding that the MIC policy was the primary uninsured motorist policy to apply to the case sub judice.
Had the legislature intended to alter the ranking provisions of UM policies as contained in Section 1406 to conform to Section 671, the legislature had ample opportunity since 1988 because 1406 has been amended in 1993 and again in 1997. However, absent this legislative change, the court finds that the MIC uninsured motorist provisions are primary and GEICO UM provisions are secondary.
|4MIC makes another argument. The gist of this argument is that there is policy language in the MIC policy that makes “the other policy”, i.e. the GEICO policy primary even for UM purposes.
However, having read the applicable policy language the court does not think that this is so, but assuming that it is, the policy language is ineffective insofar as it conflicts with R.S. 22:1406(D). Hence, MIC’s fallback argument is erroneous and fallacious.
Accordingly, the judgement of the trial court designating the MIC UM provisions as primary is affirmed.

AFFIRMED.